UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

v.                                                                          CASE NO.: 2:22-cr-53-SPC-NPM

RICHARD EDWARD BRILLHART

# ORDER[1]

Before the Court is Defendant Richard Brillhart's Motion to Dismiss the Indictment Based Upon Multiplicity and 5th Amendment (Doc. 37), and the Government's response in opposition (Doc. 41). The matter is ripe for decision.

Brillhart's indictment charges him with two counts: one for distribution of child pornography (18 U.S.C. §§ 2252(a)(2), 2252(b)(1)) and one for possession of child pornography (18 U.S.C. §§ 2252(a)(4)(b), 2252(b)(2)). Brillhart claims this is a multiplicitous indictment running afoul of the Fifth Amendment's Double Jeopardy Clause. (Doc. 37).

An indictment is multiplicitous if it charges a single offense in more than one count. *United States v. Williams*, 527 F.3d 1235, 1241 (11th Cir. 2008). Such a multiplicitous indictment violates the principles of double jeopardy because it gives the jury numerous opportunities to convict the defendant for

---

[1] Disclaimer: Papers hyperlinked to CM/ECF may be subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or their services or products, nor does it have any agreements with them. The Court is not responsible for a hyperlink's functionality, and a failed hyperlink does not affect this Order.

the same offense. *Id.* A single, completed criminal transaction may be prosecuted under two statutes without running afoul of the Fifth Amendment if the elements of the statutes differ. *See Blockburger v. United States*, 284 U.S. 299, 304, 52 S. Ct. 180, 182, 76 L. Ed. 306 (1932); *United States v. Williams*, 527 F.3d 1235, 1240 (11th Cir. 2008).

Brillhart rests his argument for multiplicity on the assertion that both indictment counts are supported by the same pornographic materials (Doc. 37) ("The allegations of distribution alleged in Count I cover the possession of *the same materials* alleged in Count II.") ("…Defendant is charged with distributing *the same material* that he is charged with possession…") (emphasis added). Thus, he argues, there is a single offense being charged in multiple counts, so the indictment is multiplicitous and raises Fifth Amendment concerns.

A fundamental problem for Brillhart is that his assertion is false – he is not charged with distributing the same images that he is charged with possessing. (Doc. 41). As the Government explains, a forensic evaluation of Brillhart's 16 GB SD cellphone SD card revealed 49 videos and 65 images depicting the sexual abuse of minors. *Id.* The Government accuses Brillhart of distributing six of these files by emailing them through his Yahoo account. *Id.* The Government charges Brillhart with possession of *the other files* on the

16 GB SD card that were not distributed through email. *Id.* No single image is the basis for both the distribution count and the possession count. *Id.*

Because the images underlying the counts are different, the indictment did not charge Brillhart of a single offense in more than one count. *See United States v. Woods*, 684 F.3d 1045, 1061 (11th Cir. 2012) (rejecting multiplicity where "[n]othing in the indictment indicated that the same images underlying the receipt count underlie the possession counts."); *United States v. Krpata*, 388 F. App'x 886, 888 (11th Cir. 2010) (upholding the denial of a motion to dismiss on double jeopardy grounds where two different groups of child pornography images supported the two counts). Instead, Brillhart has been charged with two different offenses, each supported by different images. So, Brillhart's indictment is not multiplicitous and does not implicate Fifth Amendment concerns.

Accordingly, it is now **ORDERED:**

Defendant Richard Brillhart's Motion to Dismiss (Doc. 37) is **DENIED.**

**DONE AND ORDERED** in Fort Myers, Florida on November 16, 2022.

*Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: Counsel of Record