UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

v.                                                    CASE NO. 2:22-cr-53-SPC-NPM

RICHARD EDWARD BRILLHART

GOVERNMENT'S RESPONSE IN OPPOSITION TO
DEFENDANT'S MOTION TO SUPPRESS EVIDENCE
RELATED TO CYBERTIPLINE REPORTS TO NCMEC

COMES NOW, the United States of America, by and through the

undersigned Assistant United States Attorney, and in response in opposition to the

defendant's Motion to Suppress Evidence Related to Cybertipline Reports to

NCMEC (Doc. 56), states as follows:

FACTUAL BACKGROUND

In 2021, the National Center for Missing and Exploited Children (NCMEC)

received numerous CyberTipline Reports from two Electronic Service Providers

(ESP) concerning an individual, who was later determined to be the defendant,

Richard Brillhart, possessing and distributing child pornography on their program.

A. **CyberTipline Report 89005640 ("Yahoo Report - 1")**

On April 15, 2021, NCMEC received information and files from Yahoo!, the

reporting ESP, through the CyberTipline.  Yahoo! reported an incident of "Child

Pornography (possession, manufacture, and distribution)", involving the email

address of jobs4rich@yahoo.com.  Further, Yahoo! uploaded six files with the cybertip, and indicated that all of the files had been viewed by Yahoo!.

In this CyberTipline Report, NCMEC indicated they had viewed one of the files uploaded by Yahoo!  Additionally, according to NCMEC, all six files uploaded by Yahoo! matched the unique hash values of files NCMEC had previously viewed and categorized as "Apparent Child Pornography".

In April 2021, a Task Force Officer (TFO) received a copy of CyberTipline Report 89005640 ("Yahoo Report - 1") and access to six accompanying uploaded files.  Doc. 56-3.  The TFO reviewed the six uploaded files accompanying Yahoo Report – 1, and determined that the image files depicted at least one child engaged in sexually explicit conduct which constitutes child pornography as defined in 18 U.S.C. § 2256.

Yahoo Report – 1 indicates the six image files had been attachments to emails sent from richard bri using email jobs4rich@yahoo.com on April 14, 2021, to other accounts.  Yahoo Report – 1 provided subscriber information for jobs4rich@yahoo.com to include name, mobile phone number that had been verified on January 21, 2021, and Date of Birth.

B.  **CyberTipline Report 90034851 ("Google Report - 1")**

On May 10, 2021, NCMEC received information and files from Google, the reporting ESP, through the CyberTipline.  Google reported an incident of "Child Pornography (possession, manufacture, and distribution)" involving the email account of reb3280@gmail.com.  Google uploaded two files in connection with

Google Report – 1 and indicated one of the two uploaded files had been viewed by Google.

NCMEC indicated that the two files uploaded by Google matched the unique hash values of files NCMEC had previously viewed and had categorized as "Apparent Child Pornography".

In June 2021, the TFO received a copy of CyberTipline Report 90034851 ("Google Report - 1") and access to two accompanying uploaded files.  Doc. 56-2. The TFO reviewed the two uploaded files, which consisted of two gifs files depicting at least one child engaged in sexually explicit conduct which constitutes child pornography.

Google Report – 1 indicated the two gif files had been uploaded to reb3280@gmail.com, on May 9, 2021, and provided subscriber information for this account, which included the name and date of birth.

C.    **CyberTipline Report 90109206 ("Yahoo Report - 2")**

On May 12, 2021, NCMEC received information and files from Yahoo! through the CyberTipline.  Yahoo! reported an incident of "Child Pornography (possession, manufacture, and distribution)" involving the email address of reb3280@yahoo.com.  Yahoo! uploaded 217 files in connection with Yahoo Report – 2 and indicated that all uploaded files had been viewed by Yahoo!.

Further, NCMEC indicated they had viewed 22 of the files uploaded by Yahoo!; however, NCMEC advised that all 217 files uploaded by Yahoo! matched the unique hash values of files NCMEC had previously viewed and had categorized

3

as 174 "Apparent Child Pornography" files, 38 "CP (Unconfirmed)" files, and five

"Child Unclothed" files.

In June 2021, the TFO received a copy of CyberTipline Report 90109206

("Yahoo Report - 2") and access to 217 accompanying uploaded files.  Doc. 56-6.

The TFO reviewed the 217 uploaded files, which consisted of images, gifs, and

videos that depicted at least one child engaged in sexually explicit conduct which

constitutes child pornography.

Yahoo Report – 2 indicated that the 217 files had been attachments to three

emails reb3280@yahoo.com received from another specified Yahoo! account and 22

emails reb3280@yahoo.com sent to the same specified Yahoo! account between May

9, 2021, and May 10, 2021.  The ESP provided subscriber information for

reb3280@yahoo.com account which includes name, mobile phone number that had

been verified on May 9, 2021, and date of birth.

D.    **CyberTipline Report 90418734 ("Yahoo Report - 3")**

On May 17, 2021, NCMEC received information and files, from Yahoo!,

through the CyberTipline.  Yahoo! reported an incident of "Child Pornography

(possession, manufacture, and distribution)" involving the email address of

reb3280e@yahoo.com.  Yahoo! uploaded ten files in connection with Yahoo Report

– 3 and indicated that all uploaded files had been viewed by Yahoo!

Further, NCMEC indicated they had viewed three of the files uploaded by

Yahoo!; however, NCMEC advised that all ten files uploaded by Yahoo! matched

the unique hash values of files NCMEC had previously viewed and had categorized as six "Apparent Child Pornography" files and four "CP (Unconfirmed)" files.

In June 2021, a TFO received a copy of CyberTipline Report 90418734 ("Yahoo Report - 3") and access to ten accompanying uploaded files. Doc. 56-7. The TFO reviewed the ten uploaded files, which consisted of videos depicting at least one child engaged in sexually explicit conduct which constitutes child pornography.

Yahoo Report – 3 indicated the ten video files had been attachments to two emails reb3280e@yahoo.com had received from another user two emails reb3280e@yahoo.com sent to this user, on May 15, 2021. Yahoo Report – 3 provided the subscriber information for reb3280e@yahoo.com, to include name, the mobile phone number that had been verified on May 13, 2021, and date of birth.

### E.    **CyberTipline Report 90572327 ("Yahoo Report - 4")**

On May 19, 2021, NCMEC received information and files from Yahoo!, through the CyberTipline. Yahoo! reported an incident of "Child Pornography (possession, manufacture, and distribution)" involving the email address of yngluv01@yahoo.com. Yahoo! uploaded eight files in connection with Yahoo Report – 4 and indicated all uploaded files had been viewed by Yahoo!.

Further, NCMEC indicated they had viewed five of the files uploaded by Yahoo!; however, NCMEC indicated that seven files uploaded by Yahoo! matched the unique hash values of files NCMEC had previously viewed and had categorized as six "Apparent Child Pornography" files and one "Child Clothed" file.

In June 2021, a TFO received a copy of CyberTipline Report 90572327 ("Yahoo Report - 4") and access to eight accompanying uploaded files. Doc. 56-8. The TFO reviewed the information in Yahoo Report – 4, and the TFO attempted to review the eight uploaded files. Two of the files were unable to be opened, but the TFO observed that six video files depicted at least one child engaged in sexually explicit conduct which constitutes child pornography.

Yahoo Report – 4 indicates the eight video files had been attachments two emails yngluv01@yahoo.com sent to another user, on May 18, 2021, and two emails yngluv01@yahoo.com received from another user, on May 18, 2021. Yahoo Report - 4 provided the subscriber information for yngluv01@yahoo.com account, to include name, mobile phone number that had been verified on May 17, 2021, and date of birth.

F.    **CyberTipline Report 90533145 ("Google Report - 2")**

On May 19, 2021, NCMEC received information and files from Google through the CyberTipline. Google reported an incident of "Child Pornography (possession, manufacture, and distribution)" involving the email address of reb3280e@gmail.com. Google uploaded one file in connection with Google Report – 2 and indicated that the uploaded file had been viewed by Google to the extent necessary to confirm that it contained apparent child pornography.

Further, NCMEC indicated that the file uploaded by Google matched the unique hash value of a file NCMEC had previously viewed and had categorized as "Apparent Child Pornography".

In June 2021, a TFO received a copy of CyberTipline Report 90533145 ("Google Report - 2") and access to one accompanying uploaded file. Attachment A. The TFO reviewed the information in Google Report – 2, and the TFO reviewed the uploaded file, which consisted of a video which depicted at least one child engaged in sexually explicit conduct which constitutes child pornography.

Google Report – 2 indicated the video file had been uploaded to reb3280e@gmail.com, on May 15, 2021, from an IP address assigned to T-Mobile USA in Miami, Florida. Google Report – 2 provided the subscriber information for reb3280e@gmail.com, to include the name, mobile phone number that had been verified on May 13, 2021, and date of birth.

G.      **CyberTipline Report 91101569 ("Google Report – 3")**

May 25, 2021, NCMEC received information and files from Google through the CyberTipline. Google reported an incident of "Child Pornography (possession, manufacture, and distribution)" involving the email address of luvemyng04@gmail.com. Google uploaded one file in connection with Google Report – 3 and indicated that the uploaded file had been viewed by Google to the extent necessary to confirm that it contained apparent child pornography.

Further, NCMEC indicated that the file uploaded by Google matched the unique hash value of a file NCMEC had previously viewed and had categorized as "Apparent Child Pornography".

In June 2021, a TFO received a copy of CyberTipline Report 91101569 ("Google Report – 3") and access to one accompanying uploaded file. Attachment

7

B.  The TFO reviewed the information in Google Report – 3, and the TFO reviewed the uploaded file, which consisted of a video that depicted at least one child engaged in sexually explicit conduct which constitutes child pornography.

Google Report – 3 indicates the video file had been uploaded to luvemyng04@gmail.com, on May 21, 2021, from an IP address assigned to T-Mobile USA in Miami, Florida.  Google Report - 3 provided the subscriber information for luvemyng04@gmail.com, to include name, mobile phone number that had been verified on May 21, 2021, and date of birth.

NCMEC generated each CyberTipline Report based on the report submitted by a registered ESP.  In each CyberTipline Report, NCMEC indicated whether they also viewed any of the files.  Subsequently, NCMEC sent the CyberTipline Report to law enforcement, as required by statute.

All but one file that a TFO viewed that had been attached in the NCMEC CyberTipline Reports, had been viewed in its entirety or to the extent necessary to determine that it was child pornography by the ESPs.

In September 2021, a Special Agent with Homeland Security Investigations (HSI) obtained a search warrant for the defendant's residence, vehicle, Yahoo accounts (Doc. 56-4), and Google accounts (Doc. 56-1) seeking to search and seize evidence of possession of child pornography.

The affiant included the details concerning the information contained in each CyberTipline Report, and whether the ESP advised that they reviewed the files in its entirety.  The affiant included whether NCMEC reviewed any of the files, and the

8

affiant disclosed that a TFO viewed the attachments that had been reviewed by ESPs.

During the search of Brillhart's bedroom, agents located his cellular phone plugged into the outlet and laying on top of his mattress. Two additional cellular phones were located inside a plastic tote on the top shelf in Brillhart's bedroom closet. The subsequent forensic examination of Brillhart's cell phone, an Alcatel cellular phone, which contained a 16 Gigabyte SD card revealed approximately 49 videos and 65 images depicting the sexual abuse of minors.

On May 18, 2022, a federal grand jury indicted the defendant, Richard Edward Brillhart, for one count of distribution of child pornography, in violation of 18 U.S.C. §§ 2252(a)(2) and (b)(1), and one count of possession of child pornography, in violation of 18 U.S.C. §§ 2252(a)(4)(B) and (b)(2). Doc. 1.

On January 13, 2023, the defendant filed a Motion to Suppress Evidence Related to Cybertipline Reports to NCMEC. (Doc. 56).

<u>MEMORANDUM OF LAW</u>

A. Reporting Requirements of Providers

Pursuant to 18 U.S.C. § 2258A, "In order to reduce the proliferation of online child sexual exploitation and to prevent the online sexual exploitation of children, a provider. . . after obtaining actual knowledge of any facts or circumstances" is required to make a report of such facts and circumstances to the CyberTipline of NCMEC. 18 U.S.C. § 2258A(a). The provider is required to report any facts and circumstances from which there is an "apparent violation of section 2251, 2251A,

9

2252, 2252A, 2252B, or 2260 that in involves child pornography."  18 U.S.C. §2258A(a)(2)(A).  Providers also have the discretion to submit reports concerning planned or imminent child pornography offenses.  18 U.S.C. §§ 2258A(a)(1)(A)(ii) and (a)(2)(B).

In this case, both Yahoo! and Google complied with the statutory scheme established and reported the information to NCMEC, as a private company routinely does when they become aware of a customer using their service to possess or distribute child pornography.

In Yahoo Report - 1, Yahoo reported that it had viewed the entire contents of each of the six uploaded files, and Yahoo categorized the contents of each file as "A1", an established designation that is given when the material involves a prepubescent minor engaged in a sex act.  Doc. 56-3 at 7-8.

In Yahoo Report - 2, Yahoo reported that it had viewed the entire contents of each of the 217 uploaded files.  Doc. 56-6 at 14-66.

In Yahoo Report - 3, Yahoo reported that it had viewed the entire contents of each of the ten uploaded files, and Yahoo categorized the contents of four of the files as "A1", an established designation that is given when the material involves a prepubescent minor engaged in a sex act.  Doc. 56-7 at 8-10.

In Yahoo Report - 4, Yahoo reported that it had viewed the entire contents of each of the eight uploaded files, and Yahoo categorized the contents of seven of the files as "A1", an established designation that is given when the material involves a prepubescent minor engaged in a sex act.  Doc. 56-8 at 6-8.

In Google Report - 1, under the company information section, it stated that "Google identified and reports child sexual abuse imagery in accordance with federal statutory definition of child pornography as referenced in 18 USC 2256."  Doc. 56-2 at 3.  Further this CyberTip explained that:

> With respect to the portion of this CyberTip containing the heading: "Was File Reviewed by Company?", when Google respondes "Yes" it means the entire contents of the file reported were viewed by a person concurrently to or immediately preceding the sending of the CyberTip. When Google responds "No", it means that while the contents of the file were not reviewed concurrently to making the report, historically a person had reviewed a file whose hash (or digital fingerprint) matched the hash of the reported image and determined it contained apparent child pornography.  In some instances, Google will not provide an answer to this question but will provide a description in the "additional information" field to explain the review conducted by a person at Google concurrently to or immediately preceding the sending of the CyberTip.

Doc. 56-2 at 3.  Google reported that it had viewed the entire contents of one of the two uploaded file, and Google categorized the contents of the file as "B1", an established designation that is given when the material involves a pubescent minor engaged in a sex act.  Doc. 56-2 at 8.  Google provided a second file in this CyberTipline report that had been uploaded on the same date and time as the other file, and Google provided the MD5 Hash for the file that it had not reviewed the entire content of.  Doc. 56-2 at 8-9.  Google, however, indicated in the report that when they responded no to the inquiry of reviewing the entire contents of the file, historically a person had reviewed a file whose hash (or digital fingerprint) matched the hash of the reported image and determined it contained apparent child pornography.

11

In Google Report - 2, Google reported that although it had not viewed the entire contents of the uploaded file, Google categorized the contents of the file as "B1", an established designation that is given when the material involves a pubescent minor engaged in a sex act. Attachment A at 5. In addition, Google provided as additional information that: "A person at Google viewed the file to the extent necessary to confirm that it contained apparent child pornography concurrently to or immediately preceding the sending of the CyberTip." Attachment A at 5.

In Google Report – 3, Google reported that although it had not viewed the entire contents of the uploaded file, Google categorized the contents of the file as "B1", an established designation that is given when the material involves a pubescent minor engaged in a sex act. Attachment B at 5. In addition, Google provided as additional information that: "A person at Google viewed the file to the extent necessary to confirm that it contained apparent child pornography concurrently to or immediately preceding the sending of the CyberTip." Attachment B at 5.

As provided by Title 18, United States Code, Section 2258A(c):

> Pursuant to its clearinghouse role as a private, nonprofit organization, and at the conclusion of its review in furtherance of its nonprofit mission, NCMEC shall make available each report . . . to one or more of the following law enforcement agencies:

> (1) Any Federal law enforcement agency that is involved in the investigation of child sexual exploitation, kidnapping, or enticement crimes.

(2) Any State or local law enforcement agency that is involved in the investigation of child sexual exploitation.

18 U.S.C. § 2258A(c).

In compliance with the statutory scheme, NCMEC, a private, nonprofit corporation, generated a report and provided the Cybertip from Yahoo! and Google along with the various attachments to law enforcement on each occasion that a CyberTip was received. *See United States v. Meals,* 21 F.4th 903, 908 (5th Cir. 2021)("NCMEC did not exceed the scope of Facebook's search by merely reviewing the identical evidence that Facebook reviewed and placed in a cyber tip.")

In Yahoo Report -1, NCMEC indicated they had viewed one of the files uploaded by Yahoo!  Doc. 56-3 at 11.  Additionally, according to NCMEC, all six files uploaded by Yahoo! matched the unique hash values of files NCMEC had previously viewed and categorized as "Apparent Child Pornography".  Doc. 56-3 at 9-10.

In Yahoo Report -2, NCMEC indicated they had viewed 22 of the files uploaded by Yahoo!; however, NCMEC advised that all 217 files uploaded by Yahoo! matched the unique hash values of files NCMEC had previously viewed and had categorized as 174 "Apparent Child Pornography" files, 38 "CP (Unconfirmed)" files, and five "Child Unclothed" files.  Doc. 56-6 at 67-72 and 73-78.  Further, NCMEC provided additional information that the suspect appears to be a registered sex offender and identified associated CyberTipline Reports to include 90533145, 90418734, 90034851, 91101569, and 91186992.  Doc. 56-6 at 73.

In Yahoo Report - 3, NCMEC indicated they had viewed three of the files uploaded by Yahoo!; however, NCMEC advised that all ten files uploaded by Yahoo! matched the unique hash values of files NCMEC had previously viewed and had categorized as six "Apparent Child Pornography" files and four "CP (Unconfirmed)" files. Doc. 56-7 at 11-12 and 14.  Further, NCMEC provided additional information that the suspect appears to be a registered sex offender and identified associated CyberTipline Reports to include 90109206, 90533145, 90034851, 91101569, and 91186992.  Doc. 56-7 at 14.

In Yahoo Report - 4, NCMEC indicated they had viewed five of the files uploaded by Yahoo!; however, NCMEC indicated that seven files uploaded by Yahoo! matched the unique hash values of files NCMEC had previously viewed and had categorized as six "Apparent Child Pornography" files and one "Child Clothed" file.  Doc. 56-8 at 9-10 and 12.

In Google Report – 1, NCMEC indicated that the two files uploaded by Google matched the unique hash values of files NCMEC had previously viewed and had categorized as "Apparent Child Pornography".   Doc. 56-2 at 10-11.  Further, NCMEC provided additional information that the suspect appears to be a registered sex offender and identified associated CyberTipline Reports to include 90109206, 90533145, 90418734, 91101569, and 91186992.  Doc. 56-2 at 15.

In Google Report – 2, NCMEC indicated that the file uploaded by Google matched the unique hash value of a file NCMEC had previously viewed and had categorized as "Apparent Child Pornography."  Attachment A at 6.  Further,

NCMEC provided additional information that the suspect appears to be a registered sex offender and identified associated CyberTipline Reports to include 90109206, 90418734, 90034851, 91101569, and 91186992.  Attachment A at 8.

In Google Report – 3, NCMEC indicated that the file uploaded by Google matched the unique hash value of a file NCMEC had previously viewed and had categorized as "Apparent Child Pornography."  Attachment B at 6.  Further, NCMEC provided additional information that the suspect appears to be a registered sex offender and identified associated CyberTipline Reports to include 90109206, 90533145, 90418734, 90034851, and 91186992.  Attachment B at 8.

B.  Reviewing the Contents of CyberTips

18 U.S.C. § 2258A(f) specifically provides that providers are not required by law to search their platforms for child pornography.  However, they are required by 18 U.S.C. § 2258A(a) to report any child pornography imagery they become aware of on their platform.  Both Yahoo! and Google are private companies that have an interest in keeping their platform safe from harmful content, and these electronic service providers routinely report, via a cybertip, any apparent child pornography as defined in 18 U.S.C. § 2256, to NCMEC.

When a file was reviewed by the Provider or if the file was publicly available, law enforcement could review that file without a search warrant pursuant to the private search doctrine.  Furthermore, law enforcement could then use the information to develop probable cause for a search warrant for the premises of the defendant, which is what occurred in this case.

The four cybertips pertaining to the defendant as reported by Yahoo contained numerous uploaded files. Yahoo reported viewing the entire contents of the files that were attached to each cybertipline report. Doc. 56-3, 56-6, 56-7, and 56-8.

The three cybertip reports pertaining to the defendant as reported by Google categorized the uploaded files as B1. The NCMEC report makes clear that the designation of this category signifies that the file depicts a pubescent minor engaging in a sex act. Further, the report defines sex act to mean:

> any image of sexually explicit conduct (actual or simulated sexual intercourse including genital-genital, oral-genital, anal-genital, or oral-anal whether between person of the same or opposite sex), bestiality, masturbation, sadistic or masochistic abuse, degradation, or any such depiction that lacks serious literary, artistic, political, or scientific value.

Doc. 56-2, and Attachment A and B. In Google Report – 1, Google advised that it had viewed one of the two files in its entirety, and the contents of the other file matched a digital image that had previously been viewed and identified as child pornography. Doc. 56-2. In Google Report – 2 and Google Report – 3, Google advised that the contents of each file uploaded had been viewed to the extent necessary to confirm that each contained child pornography. Attachments A and B.

In addition to Google advising that the files had been viewed to an extent, the TFO and affiant also relied upon the category designation by Google that identified the uploaded files as containing a pubescent minor engaged in a sex act. Both the TFO and the affiant relied on this categorization by Google to conclude that Google viewed the content of these files in order to determine the B1 designation.

16

Further, the affiant indicated in her affidavit that there were four CyberTipline Reports made by Yahoo in which all the contents of the uploaded files had been reviewed by Yahoo. The affiant included information from each cybertip and included descriptions of some of the files that Yahoo had reviewed which provided probable cause to search the defendant's residence, vehicle, Yahoo accounts, and Google accounts.

Moreover, an individual can only invoke the Fourth Amendment's protection where he has a legitimate expectation of privacy. *Rakas v. Illinois*, 439 U.S. 128, 143 (1978). If an individual's expectation of privacy is frustrated or eliminated, then the Fourth Amendment no longer offers protection from governmental intrusion, such as when information is revealed to a third party. *United states v. Jacobsen*, 466 U.S. 109, 117 (1984) ('[i]t is well-settled that when an individual reveals private information to another, he assumes the risk that his confidant will reveal that information to the authorities, and if that occurs the Fourth Amendment does not prohibit governmental use of the information. Once frustration of the original expectation of privacy occurs, the Fourth Amendment does not prohibit governmental use of the now nonprivate information."). A warrantless law enforcement search, conducted after a private search, violates the Fourth Amendment only to the extent to which it is broader than the scope of the previously occurring private search. *Id*. at 115; *see also United States v. Garcia-Bercovich*, 582 F.3d 1234, 1238 (11th Cir. 2009).

Here, law enforcement's search of the files that Yahoo had previously viewed the entire contents of would not have been broader than the scope of Yahoo's private

search.  Further, law enforcement's search of the file that Google had previously viewed the entire contents of would not have been broader than the scope of Google's private search.  Doc. 56-2.

Further, the files categorized by Google as B1 were within the scope of the private search because the TFO was nearly certain that he would find child pornography and would have little chance to see much other than such contraband based on the classification provided by Google.  *See United States v. Lichtenberger*, 786 F.3d 478, 486 (6th Cir. 2015); *United States v. Sparks*, 806 F.3d 1323 (11th Cir. 2015).  Law enforcement was not accessing or searching a device belonging to the defendant, but merely the files containing imagery that Google reported that a person at Google had viewed to the extent necessary to confirm that each file contained apparent child pornography.  Google reported accessing the files and viewing the contents to an extent, and categorized and included the files in two reports to NCMEC.  Attachment A and B.

Law enforcement did not violate the Fourth Amendment when they simply replicated the initial private search conducted by Yahoo and Google.  See *Jacobsen*, 466 U.S. at 117.  The police need not "avert their eyes" when presented with evidence obtained in a private search.  *Coolidge v. New Hampshire*, 403 U.S. 443, 489 (1971).

Further, in the defendant's motion to suppress, the defendant fixates on his inability to learn the identities of the individuals at Yahoo and Google who viewed the files.  The individuals at Yahoo and Google are private persons, so the identity of

these individuals who searched these files on their programs does not lessen the private search doctrine's application. *See United States v. Montijo*, No. 2:21-cr-75-SPC-NPM, 2022 WL 93535, at *5 (M.D. Fla. Jan. 10, 2022).

In *United States v. Reddick*, the Fifth Circuit found no Fourth Amendment violation although no one from the private hosting service visually examined the images before they were reported to law enforcement; instead the provider had conducted an automatic review using a PhotoDNA match, and law enforcement reviewed the files that had hash values of known child pornography images. *United States v. Reddick*, 900 F.3d 636, 640 (5th Cir. 2018).

Here, there is only one file of the two that was provided by Google in Google Report – 1 that was not viewed concurrently to or preceding the sending of the cybertip to NCMEC. Doc. 56-2. Google indicated that the contents of this one file would have been identified by a person historically reviewing a file whose hash or digital fingerprint matched the hash of the reported file and determined that it contained apparent child pornography.

After Google used a hash value to identify the file located on its system as being identical to a file that Google had previously opened, viewed, and recognized as child pornography, law enforcement had a substantial certainty or virtual certainty that the opening of file would reveal child pornography, and not some other type of material or data. Law enforcement received the files from NCMEC that Google had voluntarily provided, and the affiant reviewed it after Google had already determined

19

that the file contained a pubescent minor engaged in a sex act. The affiant relied on the information Google reported in the Google Report - 1.

Further, a defendant has the burden of proving a legitimate expectation of privacy. *Rawlings v. Kentucky*, 448 U.S. 98, 104-105 (1980). In some instances, the terms of service have been found to be specific enough to defeat any expectation of privacy in items shipped, even in the absence of a private search. In *United States v. Young*, 350 F.3d 1302 (11th Cir. 2003), the IRS asked Federal Express to turn over packages shipped by targets of an IRS investigation; after FedEx complied, the government then x-rayed fourteen packages and found large amounts of currency. *Young*, 350 F.3d at 1304. After the initial search, the government obtained search warrants to open the packages and search the defendant's residence and business. *Id.* at 1305. The Court held that when the defendants:

> elected to ship the ill-gotten proceeds of their tax fraud scheme through Federal Express despite explicit warnings on the airbill and envelopes that (1) sending cash was illegal, and (2) Federal Express retained the right to inspect any package for any reason, defendants had no legitimate expectation of privacy in the contents of the packages.

*Young*, 350 F.3d at 1303.

The defendant frustrated or eliminated his expectation of privacy by uploading and sending child pornography over Yahoo and Google, which are private companies that routinely report Cybertips to NCMEC when they become aware that a customer is sending child pornography using their products or services.

The reasonableness of a particular intrusion by the government is "appraised on the basis of the facts as they existed at the time that invasion occurred." *Jacobsen*,

466 U.S. at 115. Law enforcement did not learn anything that had not previously been learned during the private search since it was Google that utilized a hash or digital fingerprint of a file that had been viewed by a person and matched the file that Google reported to NCMEC as containing apparent child pornography. See Doc. 56-2. Law enforcement, therefore, did not infringe on the defendant's legitimate or reasonable expectation of privacy.

Here, although the TFO did review only one file provided by Google in Google Report – 1 that was identified via Hash match, the affiant referenced all files identified as containing child pornography and provided in each NCMEC cybertip made by Yahoo and Google in her affidavit. Since Yahoo, a private company, had viewed each file provided in four cybertips and provided the files to NCMEC, then law enforcement "did not meaningfully exceed the scope" of Yahoo's search by viewing the file. *See United States v. Harling*, 705 Fed. Appx. 911, 916 (11th Cir. 2017) (referencing *Jacobsen*, 466 U.S. at 119). Since Google, a private company, reviewed one file in its entirety in Google Report – 1, and reviewed the files in the extent necessary to determine that they contained child pornography in Google Report - 2 and Google Report – 3, and these files were provided to NCMEC, then law enforcement "did not meaningfully exceed the scope" of Google's search by viewing the files. *See Id*. In light of the search conducted by Yahoo and Google, law enforcement could conclude that a fair probability existed that contraband or evidence of a crime would be found in the files attached to each CyberTip Report.

C.    Good Faith Exception

21

In the alternative, the motion should be denied because law enforcement acted in good faith. The TFO and affiant acted reasonably in relying on the cybertip reports indicating that the ESPs had viewed the files in their entirety or to the extent necessary to determine that they contained child pornography. Yahoo and Google are reliable sources of information; therefore, it was reasonable for the TFO and the affiant to rely on the information and believe that the files contained child pornography and constituted probable cause. *See United States v. Montijo*, No. 2:21-cr-75-SPC-NPM, 2022 WL 93535, at *8 (M.D. Fla. Jan. 10, 2022).

Assuming arguendo that the Court believes that law enforcement exceeded the scope of the private search conducted by personnel at Yahoo and Google, the Court should determine that the good faith exception to the exclusionary rule should apply in this instance since law enforcement did act in objectively reasonable reliance on the statutory scheme established by 18 U.S.C. § 2258A.

The exclusionary rule is a judicially created remedy that, "when applicable, forbids the use of improperly obtained evidence at trial." *Herring v. United States*, 555 U.S. 135, 139 (2009). The Supreme Court has "repeatedly rejected the argument that exclusion is a necessary consequence of a Fourth Amendment violation." *Id.* at 141. The Supreme Court created a "good faith" exception to the exclusionary rule. *United States v. Leon*, 468 U.S. 897 (1984). The exclusionary rule "applies only where it 'result[s] in appreciable deterrence,'" and where the benefits of deterrence outweigh the costs. *Herring*, 555 U.S. at 141 (quoting *United States v. Leon*, 468 U.S. 897, 909 (1984)). Moreover, "[t]he extent to which the exclusionary rule is justified by these

deterrence principles varies with the culpability of the law enforcement conduct." *Id.* at 135.

The Supreme Court regards exclusion of evidence as an "extreme sanction" that "should be ordered only on a case-by-case basis and only in those unusual cases in which exclusion will further the purposes of the exclusionary rule," which center on deterring police misconduct. *United States v. Leon*, 468 U.S. 916, 918 (1984).

Here, law enforcement acted in good faith at all times in obtaining and executing valid search warrants supported by probable cause and approved by a neutral, detached magistrate. Accordingly, the Court should deny the defendant's Motion to Suppress Evidence Related to Cybertipline Reports to NCMEC.

<u>CONCLUSION</u>

For all the reasons set forth above, the Government hereby respectfully requests that the Court deny the defendant's motion to suppress.

Respectfully submitted,

ROGER B. HANDBERG
United States Attorney


By:    <u>*s/ Yolande G. Viacava*            </u>
       Yolande G. Viacava
       Assistant United States Attorney
       Florida Bar Number 0110310
       2110 First Street, Suite 3-137
       Fort Myers, Florida 33901
       Phone:  (239) 461-2200
       Fax:     (239) 461-2219
       E-Mail:  Yolande.viacava@usdoj.gov

U.S. v. Richard Edward Brillhart                Case No. 2:22-cr-53-SPC-NPM

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on January 27, 2023, I electronically filed the foregoing

with the Clerk of the Court by using the CM/ECF system which will send a notice of

electronic filing to the following:

    Joseph A. Davidow
    jdavidow@willisdavidow.com


                    *s/ Yolande G. Viacava*
                    Yolande G. Viacava
                    Assistant United States Attorney