UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

v.  CASE NO.: 2:22-cr-53-SPC-NPM

RICHARD EDWARD BRILLHART

## **OPINION AND ORDER**

Before the Court is Defendant Richard Brillhart's First Motion in Limine. (Doc. 98). The Government responded in opposition. (Doc. 105). For the reasons set forth below, the Court denies Defendant's Motion.

This case is not the first time Brillhart has had run-ins with the law. In 1998, Brillhart was convicted of Criminal Sexual Conduct in the Fourth Degree in Michigan. (Doc. 98 at 1). This is a misdemeanor offense involving the commission of unlawful sexual contact in various circumstances, including "that the other person is at least 13 years of age but less than 16 years of age, and the actor is 5 or more years older than that other person." MICH. COMP. LAWS § 750.520e (2023).

Just two years later, Brillhart was convicted of Failure to Register as a Sex Offender (also in Michigan). (Doc. 98 at 1). Then Brillhart moved to Florida. And he came to this Court's attention in 2003 when he was indicted for (and later convicted of) possessing child pornography. (Doc. 98 at 1).

Now Brillhart comes before this Court again under similar circumstances. He has been charged with possession and distribution of child pornography in violation of 18 U.S.C. §§ 2252(a)(4)(B) and (b)(2) and 18 U.S.C. §§ 2252(a)(2) and (b)(1). (Doc. 1).

Brillhart moves the Court to "prohibit the introduction and publication of [Brillhart's] prior conviction for Michigan Criminal Sexual Conduct 4th degree, Michigan failure to register as a sex offender, as well as, the 2003 Federal Conviction for child pornography." (Doc. 98 at 1).[1] In response, the Government argues that Brillhart's prior conviction for possession of child pornography is admissible under Fed. R. Evid. 414 and Fed. R. Evid. 404(b). (Doc. 105 at 4).

In a criminal case when a defendant is accused of child molestation, Rule 414 allows for the introduction of "evidence that the defendant committed any other child molestation." Under Rule 414, "child molestation" includes "any conduct prohibited by 18 U.S.C. chapter 110."

Rule 414(c) expressly says that it "does not limit the admission or consideration of evidence under any other rule," which leaves open the possibility for Rule 414 evidence to also be admitted under Rule 404(b). *See*

---

[1] Brillhart cites the due process clauses of the Fifth and Fourteenth Amendments in his opening paragraph, but then limits his arguments to Fed. R. Evid. 414 and 403. Accordingly, the Court limits its analysis to Rules 414, 403, and 404(b).

2

*also United States v. Levinson,* 504 F. App'x 824, 827-28 (11th Cir. 2013). Rule 404(b) provides for the admission of "evidence of any other crime, wrong, or act" for a purpose other than propensity, such as to prove "motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." When determining the admissibility of evidence under Rule 404(b), the court should consider: (1) whether the evidence is relevant to an issue other than the defendant's character, (2) whether there is sufficient proof for a jury to find the defendant committed the extrinsic act, and (3) whether the evidence passes muster under Rule 403. *United States v. Miller,* 959 F.2d 1535, 1538 (11th Cir. 1992) (citing *Huddleston v. United States*, 485 U.S. 681, 689 (1988)).

As an initial matter, the Government's Response did not address whether it intends to introduce evidence of Brillhart's 1998 conviction for Criminal Sexual Conduct in the Fourth Degree or his 2000 conviction for Failure to Register as a Sex Offender ("the Michigan convictions"). The Government also separately provided notice of its intent to introduce evidence under Rules 414 and 404(b), but the Government did not discuss the Michigan convictions in that notice either. (Doc. 107). Accordingly, the Court presumes that the Government does not intend to introduce the Michigan convictions and will limit its ruling and analysis to the conviction at issue—Brillhart's 2004 conviction for possession of child pornography.

3

Possession of child pornography qualifies as "child molestation" under Rule 414. This is defined by statute: "Child molestation" for purposes of Rule 414 includes "any conduct prohibited by 18 U.S.C. chapter 110." Chapter 110 includes 18 U.S.C. § 2252, which criminalizes the possession and distribution of child pornography. *See also United States v. Zimmerman*, No. 21-11520, 2022 WL 7232992, at *1 (11th Cir. Oct. 13, 2022) ("Possessing child pornography in violation of § 2252 is a child molestation offense"). Brillhart does not dispute this.

Brillhart instead argues that his prior conviction should be excluded under Fed. R. Evid. 403. But the admissibility of Brillhart's prior conviction under Rule 414 does not change when the conviction faces Rule 403's balancing test. Under Rule 403, a court "may exclude relevant evidence if its probative value is substantially outweighed by a danger of . . . unfair prejudice." Similarity between a prior conviction and the offenses charged in an indictment "make the earlier offense 'highly probative with regard to a defendant's intent in the charged offense.'" *United States v. Cooper*, 433 F. App'x 875, 877 (11th Cir. 2011) (quoting *United States v. Ramirez*, 426 F.3d 1344, 1354 (11th Cir. 2005)). Brillhart has been charged with possession of child pornography—and his prior conviction is for possession of child pornography. This makes Brillhart's prior conviction highly probative evidence of intent. Brillhart's prior conviction is also probative of knowledge

4

and absence of mistake that the materials he possessed were child pornography. *United States v. Cooper*, 433 F. App'x 875, 877-78 (11th Cir. 2011) (finding prior convictions probative because they tended to show the defendant's intent to download child pornography, knowledge that what he downloaded was child pornography, and that he had not mistaken the images he downloaded for anything but child pornography). So Brillhart's prior conviction has high probative value.

His prior conviction has even higher probative value when his likely defense is considered. Brillhart argues that "[t]he evidence in this case is questionable as Defendant lived with another individual who has been previously convicted of similar offenses." (Doc. 98 at 3). That argument makes Brillhart's prior conviction more probative, not less probative. *See, e.g.*, *United States v. Woods*, 684 F.3d 1045, 1065 (11th Cir. 2012) ("Wood's statement describing his molestation of his niece was probative of Woods's interest in child pornography and *therefore made it more likely that Woods, and not his ex-wife or roommates, was responsible* for the child pornography found") (emphasis added); *United States v. Bishop*, 683 F. App'x 899, 911 (11th Cir. 2017) ("Bishop's prior conviction was probative of, among things, his interest in child pornography and his intent to possess and receive the images, which made it *more likely that Bishop, and not someone else, as he argued at trial, was responsible for the child pornography* found on the two cell phones")

5

(emphasis added); *Zimmerman*, 2022 WL 7232992, at *1 ("We have affirmed the admission of a defendant's prior acts where they were probative of the defendant's interest in child pornography and made it *more likely that the defendant, rather than some other person, was responsible for child pornography* found on computers") (emphasis added).

Rule 403 is intended to guard against the admission of evidence that is prejudicial to the defendant because its probative value is substantially outweighed by its unfairly prejudicial effect. Rule 403 exclusion is an "extraordinary remedy which should be used sparingly"—not a vehicle to exclude highly probative evidence that is simply unfavorable to the defendant. *See Cooper*, 433 F. App'x at 877 (quoting *United States v. Church,* 955 F.2d 688, 700 (11th Cir. 1992)). So Brillhart's prior conviction for possession of child pornography is admissible under Rule 414.

And for much the same reasons, Brillhart's prior conviction for possession of child pornography is also admissible under Fed. R. Evid. 404(b). Rule 404(b) provides for the admission of "evidence of any other crime, wrong, or act" for a purpose other than propensity. Common reasons to admit Rule 404(b) evidence include proving "motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2). As discussed above, Brillhart's prior conviction is relevant to

6

several issues other than propensity—namely, to his intent, knowledge, and absence of mistake.

When determining the admissibility of evidence under Rule 404(b), the court should also consider: (1) whether there is sufficient proof for a jury to find the defendant committed the extrinsic act and (2) whether the evidence passes muster under Rule 403. *United States v. Miller,* 959 F.2d 1535, 1538 (11th Cir. 1992) (citing *Huddleston v. United States*, 485 U.S. 681, 689 (1988)). Because Brillhart was convicted of the prior offense, there is sufficient proof for a jury to find that he possessed child pornography on that previous occasion. And the Rule 403 balancing analysis has been previously addressed. Both Brillhart and the Government argue that 403 analysis includes factors such as: (1) the similarity of the prior act to the act charged, (2) the closeness in time between the two acts, (3) the frequency of the prior acts, and (4) any intervening circumstances. (Doc. 98 at 2; Doc. 105 at 8-10). Per *United States v. Zimmerman*, it is unclear that these factors need to be considered. 2022 WL 7232992, at *1 n.1.

But the Court has considered them, and they do not change the admissibility of Brillhart's prior conviction. Brillhart's prior conviction is very similar to the act charged. His prior conviction occurred in 2004, which facially seems far removed from the acts he is now charged with (which occurred in 2021). But when the intervening circumstance of his 20-year prison sentence

7

is considered, Brillhart's time between offenses is negligible.[2]  So Brillhart's prior conviction for possession of child pornography is not barred by Rule 403 and is admissible under both Rule 414 and Rule 404(b).

Accordingly, it is now

**ORDERED:**

Defendant Richard Brillhart's First Motion in Limine (Doc. 98) is **DENIED**.

**DONE AND ORDERED** in Fort Myers, Florida on October 13, 2023.

*[signature]*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: Counsel of Record

---

[2] The offenses alleged in the current indictment occurred within about five months of Defendant being released from prison in connection with his 2004 conviction for possessing child pornography.  *See United States v. Brillhart*, No. 2:03-cr-121-JES-121 (M.D. Fla. 2006) (sentencing Defendant to 240 months' imprisonment for possession of materials involving the sexual exploitation of minors in violation of 18 U.S.C. §§ 2252(a)(4)(B) and 2252(b)(2)).