UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

v.  CASE NO.: 2:22-cr-53-SPC-NPM

RICHARD EDWARD BRILLHART

## **OPINION AND ORDER**

Before the Court is Defendant Richard Brillhart's Second Motion in Limine. (Doc. 99). The Government responded in opposition. (Doc. 102). For the reasons set forth below, the Court denies Defendant's Motion.

In April and May 2021, NCMEC received several CyberTips concerning various email addresses associated with Brillhart. And in May 2021, one of these email addresses—reb3280@yahoo.com—sent multiple emails containing child pornography images and videos. Law enforcement used subscriber data provided by Yahoo to connect the email address to Brillhart and ultimately obtain a search warrant for Brillhart's apartment.

In September 2021, law enforcement executed the warrant. During the search, law enforcement found a phone in Brillhart's bedroom containing videos and images depicting the sexual abuse of minors. And so in May 2022, Brillhart was indicted for both possession and distribution of child pornography in violation of 18 U.S.C. §§ 2252(a)(4)(B) and (b)(2) and 18 U.S.C. §§ 2252(a)(2) and (b)(1).

Brillhart now moves under Fed. R. Evid. 403[1] to "prohibit the introduction and publication of any images or video clips that depicts [sic] infants, toddlers, portraying any bondage and violence, and any testimony or written description of such material." (Doc. 99 at 1). In opposition, the Government has represented that it only intends to publish "three images and a short excerpt from one video that were among the images and videos . . . that the defendant distributed" and "three images and a short excerpt from one video that were among the images and videos . . . that the defendant possessed." (Doc. 105 at 4, 11).

A court "may exclude relevant evidence if its probative value is substantially outweighed by a danger of . . . unfair prejudice." Fed. R. Evid. 403. "The term 'unfair prejudice' . . . speaks to the capacity of some concededly relevant evidence to lure the factfinder into declaring guilt on a ground different from proof specific to the offense charged . . . [it] means an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." *Old Chief v. United States*, 519 U.S. 172, 180 (1997) (internal citations omitted).

---

[1] Brillhart also cites to the due process clauses of the Fifth and Fourteenth Amendments in his opening paragraph, but then limits his argument to Fed. R. Evid. 403. Accordingly, the Court limits its analysis to Rule 403.

Generally, the Government is "entitled to prove its case by evidence of its own choice"—even if a defendant is willing to stipulate. *Id.* at 186. But under Rule 403, a court may exclude relevant but unfairly prejudicial evidence, particularly if there is "alternative" evidence which has "substantially the same or greater probative value but a lower danger of unfair prejudice." *Id.* at 182-83.

Brillhart seeks to exclude what he presumably believes is the "worst" evidence of child sexual abuse—images and videos that depict infants or toddlers "portraying any bondage [or] violence." (Doc. 99 at 1). He argues that any such child sexual abuse material is so inflammatory that it might lead a jury to convict Brillhart for reasons other than guilt. (Doc. 99 at 2). In response, the Government argues that Brillhart's position is not supported by Eleventh Circuit case law, that there is nothing unduly prejudicial about admitting and publishing the images and videos that Brillhart has been charged with possessing and distributing, that a jury would not be tempted to convict Brillhart for the wrong reasons because of his presumed defense,[2] and that stipulation to the content of the images and videos is insufficient.

---

[2] If Brillhart chooses to put forth a defense, his defense will likely be to blame his roommate, Rodney Dutra. Brillhart filed a Motion to Compel Discovery Requested through Issuance of Non-Party Subpoena arguing that Dutra "had accessed the illicit materials on a phone and/or other device containing storage cards that also had access to defendant's emails and passwords that Defendant is alleged in the indictment to have used to commit the charges made against him." (Doc. 90 at 2).

3

First, Brillhart's argument about the inflammatory nature of the child sexual abuse material is difficult to unpack. Either the jurors believe that Brillhart possessed and distributed the material (and so they convict) or they believe that he did not (so they acquit). The content of the material does not affect the analysis of whether he possessed or distributed it. Extrinsic evidence may, in some cases, persuade jurors to convict because a defendant is a "bad person" regardless of whether he is guilty of the charged offense. *See, e.g.*, *Old Chief*, 519 U.S. at 180-81 (discussing "generalizing a defendant's earlier bad act into bad character and taking that as raising the odds that he did the later bad act now charged"). But the images and videos Brillhart is charged with possessing and distributing are *not* extrinsic evidence—they are evidence of charged offenses.

Moreover, Rule 403 limits the introduction of relevant evidence when "its probative value is *substantially outweighed* by a danger of . . . *unfair* prejudice." Fed. R. Evid. 403 (emphasis added). Rule 403 does not create a "requirement that the government choose the least prejudicial method of proving its case." *United States v. Dixon*, 698 F.2d 445, 446 (11th Cir. 1983). It appears this is what Brillhart is requesting, but his request is unsupported by precedent.

Generally, a defendant may not impede the Government's presentation of its case by trying to stipulate away evidence. *Old Chief*, 519 U.S. at 183, 186-89 ("[T]he prosecution with its burden of proof may prudently demur at a

4

defense request to interrupt the flow of evidence telling the story in the usual way"). Brillhart is not even asking to exclude relevant, probative evidence pursuant to a stipulation—he simply wants to impede the Government's presentation of evidence by categorically excluding a subset of probative evidence.[3] But with no stipulation(s) involved, the Government has the burden of proving all elements of the offenses charged. In this case, that means the Government must prove Brillhart: (1) knowingly distributed child pornography and (2) knowingly possessed child pornography. And to prove those elements, the Government must provide evidence that the images and videos charged are child pornography, that this child pornography was distributed, and that this child pornography was possessed. The Government is also required to prove Brillhart's knowledge.

The Eleventh Circuit has found many times that the admission and publication of child pornography at trial is important to prove the required elements—the characterization of the images and videos as child pornography, that the defendant knew he possessed or distributed child pornography, and that the defendant intended to collect child pornography. *See, e.g.*, *United States v. Rodriguez*, 797 F. App'x 475, 479 (11th Cir. 2019) (citing *Alfaro-Moncada*, 607 F.3d 720, 734 (11th Cir. 2010) and *United States v. Dodds*, 347

---

[3] Brillhart's request to exclude even "any testimony or written description of such material" makes clear that he is not contemplating stipulation. (Doc. 99 at 1).

F.3d 893, 899 (11th Cir. 2003)). And the Eleventh Circuit is not alone in its determination that child pornography should be admitted at trial (even if a defendant offers to stipulate) because the government has a "right to make a full presentation of the crimes charged." *Rodriguez*, 797 F. App'x at 480 (collecting cases). A full presentation of the crimes charged includes the publication of direct evidence of the charged offenses.

Still, the Government is not without limitation on its presentation of this evidence. One way to mitigate potential unfair prejudice is by "showing a small number of images or short clips of videos that are representative of the materials possessed, received, or distributed." *Rodriguez*, 797 F. App'x at 480. And that is what the Government intends to do here. The Government does not intend to publish the entire panoply of Brillhart's collection of child pornography. Rather, it intends to only publish three images and one video excerpt in conjunction with each of the two offenses charged in the indictment, for a total of six images and two video excerpts. (Doc. 105 at 4, 11). Brillhart allegedly emailed and/or possessed more than 200 images and videos of child pornography, so the introduction of eight of these files is not unfairly prejudicial to him.

Exclusion under Rule 403 is an "extraordinary remedy which the district court should invoke sparingly." *United States v. Dodds*, 347 F.3d 893, 897 (11th Cir. 2002). The admission and publication of the child pornography is

necessary for the Government to prove its case—particularly with no stipulation from Brillhart. The probative value of this evidence to the Government's case is high and is not substantially outweighed by whatever prejudice may result from the particular images and videos the Government presents. Where—as here—the evidence is not extrinsic to the offenses charged, the child pornography has high probative value, and any prejudice is mitigated by the Government's publication of a small subset of the child pornography, the evidence passes the Rule 403 test. *See, e.g.*, *United States v. Miller,* 416 F. App'x 885, 889 (11th Cir. 2011).

Accordingly, it is now

**ORDERED:**

Defendant Richard Brillhart's Second Motion in Limine (Doc. 99) is **DENIED**.

**DONE AND ORDERED** in Fort Myers, Florida on October 13, 2023.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: Counsel of Record