UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

v.  CASE NO.: 2:22-cr-53-SPC-NPM

RICHARD EDWARD BRILLHART

## OPINION AND ORDER

Before the Court is the Government's Motion in Limine Regarding Admissibility of Trade Inscriptions. (Doc. 118). Defendant Richard Brillhart responded in opposition. (Doc. 127). For the reasons below, the Court grants the Government's Motion.

In April and May 2021, NCMEC received several CyberTips concerning various email addresses associated with Brillhart. One of these email addresses—reb3280@yahoo.com—sent multiple emails containing child pornography images and videos. Law enforcement used subscriber data provided by Yahoo to connect the email address to Brillhart and ultimately obtain a search warrant for Brillhart's apartment.

In September 2021, law enforcement executed the warrant. During the search, law enforcement found an Alcatel cell phone in Brillhart's bedroom containing videos and images depicting the sexual abuse of minors. Inside the phone is a sticker containing several pieces of information, including the phone's Bluetooth declaration ID, the phone's IMEI number, two barcodes, the

Alcatel logo, and the words "Made in China." Law enforcement also seized a 16 GB micro SD memory card during the execution of the warrant. The back of the micro SD card lists two lines of alpha-numeric text and one line of numeric text. The micro SD card also says, "Made in Taiwan."

In May 2022, after examination of the phone and micro SD card, Brillhart was indicted for both possession and distribution of child pornography in violation of 18 U.S.C. §§ 2252(a)(4)(B) and (b)(2) and 18 U.S.C. §§ 2252(a)(2) and (b)(1).

The Government now moves the Court to find that the phrases "Made in China" (on the phone) and "Made in Taiwan" (on the micro SD card) are self-authenticating under Fed. R. Evid. 902. The Government also asks the Court to find that those phrases are either not hearsay or are admissible hearsay under Fed. R. Evid. 807.

These phrases are important to the Government because possession of child pornography under 18 U.S.C. § 2252 requires proof of a nexus to interstate commerce. 18 U.S.C. § 2252(a)(4)(B). The Government would like to satisfy this nexus through evidence that the media on which the child pornography is stored traveled in interstate commerce. *Id.* (". . . or which was produced using materials which have been mailed or so shipped or transported, by any means including by computer"). *See also United States v. Downs,* 61 F.4th 1306, 1312 (11th Cir. 2023) (acknowledging "our interpretation of the

word 'producing' in *Maxwell* to cover the act of transferring a photograph from a phone to an external hard drive . . . with respect to a possession [of child pornography] charge") (citing *United States v. Maxwell,* 386 F.3d 1042, 1051-52 (11th Cir. 2004)). The Government would like to use the phrases "Made in China" and "Made in Taiwan" to accomplish its jurisdictional goal.

The first question presented is whether the sticker inside the phone and the inscription on the micro SD card are self-authenticating under Fed. R. Evid. 902. The answer is yes. Rule 902(7) specifically provides that "[a]n inscription, sign, tag, or label purporting to have been affixed in the course of business and indicating origin" is self-authenticating and requires "no extrinsic evidence of authenticity in order to be admitted." The two phrases clearly meet this description. Brillhart offers no argument on why a sticker on the interior of a phone—with the words "Made in China"—is not "[a]n inscription, sign, tag, or label . . . indicating origin." Similarly, Brillhart offers no argument on why the inscription on the back of the micro SD card—which says "Made in Taiwan"—is not "[a]n inscription, sign, tag, or label . . . indicating origin." Brillhart simply argues that "[t]he Court should require that the Government call a subscribing witness and authenticate that the phone and sim card passed through interstate commerce." (Doc. 127 at 2). But the plain text of Rule 902(7) makes clear that that is not required. *See also United States v. Burdulis,* 753 F.3d 255, 263 (1st Cir. 2014) (considering a

3

"Made in China" inscription on a thumb drive a "trade inscription" under Fed. R. Evid. 902(7)); *United States v. Fain*, No. 3:18-232-J-39MCR, 2019 U.S. Dist. LEXIS 180572, at *3-4 (M.D. Fla. Oct. 18, 2019) (considering a "Made in China" stamp on a USB drive a "trade inscription" under Fed. R. Evid. 902(7) and collecting cases from the First, Fifth, and Ninth Circuits with similar rulings).

The second question presented is whether this evidence is admissible once hearsay rules are considered. This question has divided Circuits into two camps. The first camp maintains that a "Made in China" sticker or the like is not hearsay at all (and is therefore admissible). This is the opinion of the Eighth, Ninth, and Tenth Circuits. *See United States v. Koch,* 625 F.3d 470, 480 (8th Cir. 2010); *United States v. Alvarez,* 972 F.2d 1000, 1004 (9th Cir. 1992); *United States v. Thody,* 978 F.2d 625, 631 (10th Cir. 1992); *United States v. Gutierrez,* 625 F. App'x 888, 895-96 (10th Cir. 2015).

The second camp maintains that a "Made in China" sticker or the like is hearsay (or at least may be hearsay) that is admissible under Fed. R. Evid. 807. This is the position of the First and Fifth Circuits. *See Burdulis*, 753 F.3d 255 at 263 (accepting without deciding that the inscription "Made in China" on a thumb drive was hearsay, but finding that it was admissible under Rule 807); *United States v. Saguil,* 600 F. App'x 945, 947 (5th Cir. 2015) (accepting without deciding that the label "Made in Japan" was hearsay, but finding that it was admissible under Rule 807).

4

The Circuits may be divided on whether a "Made in China" label is hearsay, but the Circuits all agree on one thing—such evidence is admissible. And this Court agrees. The Court need not grapple with whether the phrases "Made in China" and "Made in Taiwan" are hearsay under Rule 801 because even if they are hearsay, they are admissible under Rule 807. Rule 807 provides for the admissibility of hearsay statements when "the statement is supported by sufficient guarantees of trustworthiness" and "is more probative on the point for which is it offered than any other evidence that the proponent can obtain through reasonable efforts."

Both the "Made in China" label and "Made in Taiwan" inscription are sufficiently trustworthy. When assessing trustworthiness, "Rule 807 is clearly concerned, first and foremost, about whether the declarant originally made the statements under circumstances that render the statements more trustworthy" than "the general run of hearsay statements." *Rivers v. United States*, 777 F.3d 1306, 1314-1315 (11th Cir. 2015) (internal citations omitted).

These trade inscriptions are significantly more trustworthy than the general run of hearsay statements. First, these statements are self-authenticating under Rule 902. While a statement's status as self-authenticating does not speak to its status of hearsay, it does speak to the trustworthiness of the statement. Rule 902's purpose is to waive the general requirement of proof of authenticity for evidence that is sufficiently authentic

5

and reliable. The Rule drafters found that inscriptions or labels "purporting to have been affixed in the course of business" that indicate "origin" are so reliable that they do not require authentication.

Additionally, inscriptions showing foreign origin are required and regulated under federal law. *See* 19 U.S.C. § 1304. And false labeling of designations of origin gives rise to civil liability. *See* 15 U.S.C. § 1125. This is another indicium of the trustworthiness of the "Made in China" and "Made in Taiwan" markings.

And finally, both markings have more individualized indications of trustworthiness. The phone sticker is located inside the phone and contains other phone data, such as the phone's Bluetooth declaration ID, the phone's IMEI number, two barcodes, and the Alcatel logo. In other words, the labeling appears exactly where and how you would expect it to. And the inscription on the micro SD card similarly appears how you would expect.

Having established that the "Made in China" and "Made in Taiwan" markings are sufficiently trustworthy under Rule 807, one issue remains—the probative value of these statements. For a hearsay statement to be admissible under the residual hearsay exception, Rule 807(a)(2) requires that the statement be "more probative on the point for which it is offered than any other evidence that the proponent can obtain through reasonable efforts." These statements are being offered as evidence of the interstate nexus required for

6

federal jurisdiction. The Government contends that the only other avenue to prove the interstate nexus is to "call representatives from the manufacturers at considerable expense." (Doc. 118 at 7). Although there may be other ways the Government can prove federal jurisdiction, the pertinent question under Rule 807 is not whether *any* alternative evidence exists, but whether the hearsay statements are "more probative" than other evidence which can be obtained through reasonable efforts. The Court finds that they are.

Accordingly, it is now

**ORDERED:**

The Government's Motion in Limine Regarding Admissibility of Trade Inscriptions (Doc. 118) is **GRANTED.**

**DONE AND ORDERED** in Fort Myers, Florida on November 7, 2023.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: Counsel of Record