UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

v.  CASE NO.: 2:22-cr-53-SPC-NPM

RICHARD EDWARD BRILLHART

## **OPINION AND ORDER**

Before the Court is Defendant Richard Brillhart's Motion for Reconsideration of Admission of Videos. (Doc. 146). This Motion requests the Court's reconsideration of its Order on Defendant's Second Motion in Limine. (Doc. 121). The Court denies Brillhart's Motion for Reconsideration.

In April and May 2021, NCMEC received several CyberTips about various email addresses associated with Brillhart. And in May 2021, one email address—reb3280@yahoo.com—sent multiple emails containing child pornography images and videos. Law enforcement used subscriber data provided by Yahoo to connect the email address to Brillhart and ultimately obtain a search warrant for Brillhart's apartment.

In September 2021, law enforcement executed the warrant. During the search, law enforcement found a phone in Brillhart's bedroom containing videos and images depicting the sexual abuse of minors. So in May 2022, Brillhart was indicted for both possession and distribution of child

pornography in violation of 18 U.S.C. §§ 2252(a)(4)(B) and (b)(2) and 18 U.S.C. §§ 2252(a)(2) and (b)(1).

In his Second Motion in Limine, Brillhart moved under Fed. R. Evid. 403 to "prohibit the introduction and publication of any images or video clips that depicts [sic] infants, toddlers, portraying any bondage and violence, and any testimony or written description of such material." (Doc. 99 at 1). After Response in Opposition from the Government (Doc. 102), the Court denied Brillhart's Second Motion in Limine. (Doc. 121). Now Brillhart asks the Court to reconsider its Order under Fed. R. Civ. P. 59(e) or Fed. R. Civ. P. 60(b).[1]

Fed. R. Civ. P. 59(e) provides for the Court to "alter or amend judgment" for either newly discovered evidence or manifest errors of law or fact. *Arthur v. King,* 500 F.3d 1335, 1343 (11th Cir. 2007) (internal citation omitted). "Reconsidering the merits of a judgment, absent a manifest error of law or fact, is not the purpose of Rule 59." *Jacobs v. Tempur-Pedic Int'l, Inc.,* 626 F.3d 1327, 1344 (11th Cir. 2010).

Fed. R. Civ. P. 60(b)(6) allows a court to "relieve a party or its legal representative from a final judgment, order, or proceeding for . . . any other

---

[1] "Although the Federal Rules of Criminal Procedure do not specifically authorize motions for reconsideration, both the Supreme Court and [the Eleventh Circuit] have permitted parties to file such motions in criminal cases." *Serrano v. United States*, 411 F. App'x 253, 254-55 (11th Cir. 2011) (internal citation omitted). In deciding such motions, courts use the standards applicable in civil cases. *See, e.g.*, *United States v. Brown*, No. 3:18-CR-89-J-34JRK, 2019 WL 7067091, at *1 (M.D. Fla. Dec. 23, 2019) (internal citations omitted).

reason that justifies relief." "Relief under this clause is an extraordinary remedy which may be invoked only upon a showing of exceptional circumstances, and that, absent such relief, an extreme and unexpected hardship will result." *SEC v. N. Am. Clearing, Inc.*, 656 F. App'x 947, 949 (11th Cir. 2016) (internal citation omitted).

When considering a motion for reconsideration, the court must "proceed cautiously, realizing that in the interests of finality and conservation of scarce judicial resources, reconsideration of a previous order is an extraordinary remedy to be employed sparingly." *United States v. Bailey*, 288 F. Supp. 2d 1261, 1267 (M.D. Fla. 2003) (internal quotation omitted). "When issues have been carefully considered and decisions rendered, the only reason which should commend reconsideration of that decision is a change in the factual or legal underpinning upon which the decision was based." *Taylor Woodrow Constr. Corp. v. Sarasota/Manatee Airport Auth.*, 814 F. Supp. 1072, 1072-73 (M.D. Fla. Feb. 18, 1993) (internal quotation omitted). So the moving party "must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." *Sussman v. Salem, Saxon & Nielsen, P.A.*, 153 F.R.D. 689, 694 (M.D. Fla. 1994).

Brillhart has not provided newly discovered evidence. Brillhart has not pointed out a manifest error of law or fact in the Court's prior Order. And Brillhart has not "set forth facts or law of a strongly convincing nature" to

convince the Court that it should grant him the extraordinary remedy of reconsideration. All Brillhart does is disagree with an earlier ruling and try to improperly "relitigate old matters." *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 957 (11th Cir. 2009). In fact, he even cites to the same out-of-Circuit case law he did in his Second Motion in Limine. (Doc. 99 at 1-2; Doc. 146 at 3). This time, Brillhart offers additional argument about his out-of-Circuit cases. But "opinions are not intended as mere first drafts, subject to revision and reconsideration at a litigant's pleasure." *Carter v. Premier Rest. Mgmt.*, No. 2:06-cv-212-FtM-99DNF, 2006 WL 2620302, at *1 (M.D. Fla. Sept. 13, 2006) (citation omitted). The Court considered all Brillhart's arguments and case law raised in his Second Motion in Limine and found them to be unpersuasive. And he's done nothing now to present any compelling reason for the Court to reconsider its decision.

Accordingly, it is now

**ORDERED:**

Defendant Richard Brillhart's Motion for Reconsideration of Admission of Videos (Doc. 146) is **DENIED**.

**DONE AND ORDERED** in Fort Myers, Florida on January 24, 2024.

*SHERI POLSTER CHAPPELL*
UNITED STATES DISTRICT JUDGE

Copies: Counsel of Record