UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

v.  CASE NO.: 2:22-cr-53-SPC-NPM

RICHARD EDWARD BRILLHART

## **OPINION AND ORDER**

Before the Court is Defendant Richard Brillhart's Rule 29(c) Motion for Judgment of Acquittal (Doc. 178) and Rule 33 Motion for a New Trial (Doc. 179). Both were filed after Brillhart was convicted on February 7, 2024, of possession and distribution of child pornography in violation of 18 U.S.C. §§ 2252(a)(4)(B) and (b)(2) and 18 U.S.C. §§ 2252(a)(2) and (b)(1). Because these motions have overlapping arguments, the Court will address them together.

First, Brillhart moves for a judgment of acquittal. (Doc. 178). As his basis, he argues the Government did not exclude defense's theory that the child pornography was possessed and distributed by Brillhart's roommate. (Doc. 178 at 4). But Brillhart has raised this argument before, including twice at trial— first during his motion for judgment of acquittal (at the close of Government's case) and again during his renewed motion (at the close of Defendant's case). The Government's evidence need not "exclude every reasonable hypothesis of innocence or be wholly inconsistent with every conclusion except that of guilt." *United States v. Garcia*, 447 F.3d 1327, 1334 (11th Cir. 2006) (citation omitted).

So for the same reasons stated on the record, Brillhart's Motion for Judgment of Acquittal is again denied.

Next, Brillhart moves for a new trial. (Doc. 179). As grounds, he repeats his argument about the Government's failure to exclude his roommate theory. (Doc. 179 at 4-6). He also cursorily adds that "Dut[r]a's communications to Katie Morris where [sic] not entered into evidence" and that "the jury heard evidence, over objection from the Defense, of medical records purportedly to be Dutra's records, from a witness who could not authenticate them as business records." (Doc. 179 at 3-4).

Fed. R. Crim. P. 33 permits a defendant to move for a new trial within 14 days after the verdict. The Court may grant such a motion "if justice so requires." Fed. R. Crim. P. 33. When a motion for new trial claims the verdict is contrary to the weight of the evidence, "the court need not view the evidence in the light most favorable to the verdict" but "may weigh the evidence and consider the credibility of the witnesses." *United States v. Martinez*, 763 F.2d 1297, 1312-13 (11th Cir. 1985) (citation omitted). But this does not entitle the Court to "reweigh the evidence and set aside the verdict simply because it feels some other result would be more reasonable." *Id.* at 1312-13 (citation omitted). The Court must allow the verdict to stand unless it finds that the evidence "preponderate[s] heavily against the verdict, such that it would be a miscarriage of justice to let the verdict stand." *Id.* at 1313 (citation omitted).

Courts should grant a motion for new trial only in "exceptional cases." *Id.* at 1313 (citation omitted).

To the extent Brillhart raises a sufficiency of the evidence argument in his Motion for a New Trial (an argument more appropriate for a motion for judgment of acquittal), his motion is denied for the reasons already stated. To the extent Brillhart argues the verdict is contrary to the weight of the evidence, the Court is unpersuaded that the evidence in this case "preponderate[s] heavily against the verdict, such that it would be a miscarriage of justice to let the verdict stand." *Id.* at 1313 (citation omitted). And finally, to the extent Brillhart challenges the Court's evidentiary rulings, he has not cited any case law to suggest that the Court's prior rulings were in error.

Accordingly, it is now **ORDERED:**

1. Defendant Richard Brillhart's Rule 29(c) Motion for Judgment of Acquittal (Doc. 178) is **DENIED**.

2. Defendant Richard Brillhart's Rule 33 Motion for a New Trial (Doc. 179) is **DENIED**.

**DONE AND ORDERED** in Fort Myers, Florida on February 29, 2024.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  Counsel of Record

3